**Bill BLAKE et al., Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 22359.

United States Court of Appeals Fifth Circuit.

Jan. 7, 1966.

Edward R. Smith, Lubbock, Tex., Smith & Baker, Lubbock, Tex., for appellants.

Howard Feldman, Atty., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Frederick E. Youngman, Stephen Paley, Attys., Louis F. Oberdorfer, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Barefoot Sanders, U. S. Atty., Dallas, Tex., Meyer Rothwacks, Atty., Dept. of Justice, Washington, D. C., Melvin M. Diggs, U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., of counsel, for appellee.

Before HUTCHESON and BROWN, Circuit Judges, and DYER, District Judge.

PER CURIAM:

This is an appeal from a judgment denying recovery in a consolidated action for refund of federal manufacturers excise tax assessed against and collected from appellants, a partnership, Plains Electroplating and Bumper Supply, consisting of Bill Blake, James Boase, and Robert Brown, and a corporation, Plains Electro-Plating and Bumper Supply Company. Appellants' business is straightening and replating damaged and otherwise unusable automobile bumpers. The narrow issue on appeal is whether appellants' restoration process constituted "manufacturing" under Internal Revenue Code of 1954 Section 4061(b) [1] and accompanying regulations.[2]

The district court filed a thorough opinion containing concise findings of fact and conclusions of law.[3] We are in agreement with the conclusions reached by the court below and nothing is to be gained by further discussion in this court. We approve and adopt the district court's opinion and order the judgment affirmed.

Affirmed.

---

[1]. Int.Rev.Code of 1954 Section 4061(b) states in part:

"There is hereby imposed upon [automobile] parts or accessories * * * sold by the manufacturer, producer, or importer a tax equivalent to 8 percent of the price for which so sold * * *."

[2]. Treas.Reg. Section 48.4061(b)–3 provides with regard to rebuilt, reconditioned, or repaired parts or accessories:

(a) *Rebuilt parts or accessories.* Rebuilding of automobile parts or accessories, as distinguished from reconditioning or repairing, constitutes manufacturing, and the rebuilder of such parts or accessories is liable for the tax imposed by section 4061(b) with respect to his sales of such rebuilt parts or accessories. Reboring or other machining, rewinding and comparable major operations constitute rebuilding. * * *

(b) *Reconditioned parts or accessories.* The mere disassembling, cleaning, and reassembling (with any necessary replacement of worn parts) of automobile parts or accessories * * * are regarded as reconditioning operations rather than the manufacturing or production of rebuilt parts or accessories. The sale of reconditioned parts or accessories is not subject to tax. * * *

See generally Hartley v. United States, 252 F.2d 262 (5th Cir. 1958); Campbell v. Brown, 245 F.2d 662 (5th Cir. 1957). The Commissioner has concluded that processes such as appellants' constitute manfacturing. Rev.Rul. 62–162, 1962–2 Cum.Bull. 241.

[3]. Reported at 249 F.Supp. 296 (N.D.Tex. 1964).